[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10555
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 5, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 08-20437-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YAMIL GONZALEZ-RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 5, 2010)

Before BLACK, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Yamil Gonzalez-Rodriguez, through counsel, appeals his concurrent 33-month sentences for conspiracy to encourage aliens to enter the United States illegally and for encouraging aliens to enter the United States illegally. On appeal, Gonzalez-Rodriguez argues that the district court erred by applying a six-level sentencing enhancement under U.S.S.G. § 2C1.1(b)(5)(C) for possession of a firearm during the offense of conviction. Specifically, he argues that the upward adjustment was improper because (1) the government did not present evidence regarding possession of the firearm at trial or at the sentencing hearing, and (2) he was not in possession of the firearm when he engaged in the conspiracy, because the conspiracy ended prior to the seizure of his firearm.

We review a district court's factual findings for clear error, and the application of the guidelines to those facts de novo. United States v. Pham, 463 F.3d 1239, 1245 (11th Cir. 2006). A factual finding is clearly erroneous when we are "left with a definite and firm conviction that a mistake has been committed" after we review all of the evidence. United States v. Rodriguez-Lopez, 363 F.3d 1134, 1137 (11th Cir. 2004) (quotation omitted).

It is illegal for a person to conspire to encourage or induce an alien to come to, enter, or reside in the United States, if the person knows or recklessly disregards the fact that doing so will be in violation of law. 8 U.S.C.

2

§ 1324(a)(1)(A)(iv), (a)(1)(A)(v)(I).  It also is illegal for a person to bring an alien who has not received prior authorization to the United States for the purpose of commercial advantage or private financial gain.  Id. § 1324(b)(2)(B)(ii).  The sentencing guidelines provide for a base offense level of 12 for a person convicted of violating a provision of § 1324.  U.S.S.G. § 2L1.1(a)(3).  If the defendant possessed a dangerous weapon in connection with the offense, the guidelines call for a 2-level increase in offense level, or an increase to offense level 18, whichever is higher.  Id. § 2L1.1(b)(5)(C).

In determining whether to apply a specific offense characteristic, the district court should consider all acts and omissions committed by the defendant "that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense."  Id. § 1B1.3(a)(1)(A).  When deciding whether to apply a sentencing enhancement, the district court may consider evidence of unindicted conduct, conduct for which the defendant has been acquitted, and conduct that goes beyond an averment of the indictment.  United States v. Nyhuis, 8 F.3d 731, 744 (11th Cir. 1993).  With regard to computing the statute of limitations, we have held that "a conspiracy is deemed to continue as long as its purposes have neither been abandoned nor accomplished, and no affirmative showing has been made that it

3

has terminated." United States v. Arnold, 117 F.3d 1308, 1313 (11th Cir. 1997).

Here, the pre-sentence investigation report contains evidence that Gonzalez-Rodriguez brought a gun with him when he went to the Holiday Inn parking lot to collect payment for the smuggling, and that he threatened to shoot the smuggled alien from whom he was collecting the payment. Moreover, because the district court was permitted to consider allegations that went beyond the averments of the indictment, the court did not clearly err in finding that Gonzalez-Rodriguez's collection of payment for the smuggling was an objective of the conspiracy. Therefore, the district court did not clearly err in finding that the evidence showed that Gonzalez-Rodriguez possessed a gun in connection with the conspiracy. In light of the district court's factual findings, the court did not err in applying the firearm enhancement.

Upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**[1]

---

[1] Appellant's request for oral argument is denied.